UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY C. PIPER, III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES )<br>DEPARTMENT OF JUSTICE, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 98-1161 (RCL) |

**MEMORANDUM OPINION AND ORDER**

      Before the court is defendants' motion [120] for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). This court previously ordered defendants, the Department of Justice and the FBI ("DOJ"), to locate and release in full several documents that they could not locate that were responsive to plaintiff's Freedom of Information Act ("FOIA"). DOJ had been unable to justify its redactions of those documents. Plaintiff, believing this court should have ordered additional disclosure, filed an appeal now pending before the Court of Appeals. DOJ, after undue and unsettling delay, at last found the documents it could not find and realized why many of its proposed redactions were so critical: they protected the privacy interest of third parties. Now, on behalf of those third parties, DOJ returns to this court reluctantly, admits its mishandling of plaintiff's FOIA request, and seeks relief from its obligation to produce those portions of documents redacted to protect third-party privacy rights. For the reasons set forth

1

below, the court will indicate that it would grant DOJ's motion for relief from judgment upon remand from the Court of Appeals. At this time, however, defendants' motion must be denied for lack of jurisdiction.

I.  FACTUAL BACKGROUND

This is a FOIA case in which plaintiff seeks information about the DOJ's investigation and prosecution of the kidnaping of his mother. There have been a spate of partial summary judgment motions and DOJ has produced over 80,000 pages of responsive documents.

On December 1, 2003, this court disposed of the parties' final cross-motions for summary judgment. See Piper v. Dep't of Justice, 294 F. Supp. 2d 16 (D.D.C. 2003). While the court was generally satisfied at the time with DOJ's final document search and its withholdings, the court noted some 23 documents that DOJ redacted without any justification and ordered that these documents be released in full. DOJ had released to plaintiff redacted versions of these 23 documents but had neglected to label these documents with file or serial numbers. When plaintiff challenged the propriety of DOJ's redactions during the summary judgment process, DOJ was unable to locate, even after assistance from plaintiff, the original documents and therefore DOJ was unable to give the court any basis for the redactions except for a conclusory claim that the redactions were based on FOIA Exemption 7(C), among others. Id. at 31 & n.10.

Displeased with the court's demand for full release of the 23 documents, DOJ filed a motion requesting the court to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) on December 15, 2003. See Piper v. Dep't of Justice, 312 F. Supp. 2d 17 (D.D.C. 2004). Even at this point, DOJ had not located the 23 documents and its Rule 59 motion

2

did not make any new arguments concerning the propriety of the redactions. Rather, the motion asserted, in bizarre disregard of FOIA precedent, that the redactions were properly justified by DOJ's mere invocation, mere naming, of a FOIA exemption. Id. at 22. Invocation alone will not permit a redaction or withholding; the agency owes the requester its reasons so that its claims of exemption can be fairly tested. Schiller v. N.L.R.B., 964 F.2d 1205, 1209 (D.C. Cir.1992). Largely on this basis, the court, on March 26, 2004, denied DOJ's motion to alter or amend judgment.

In May of 2004, plaintiff filed a notice of appeal. Plaintiff currently has an appeal from this court's March, 2004 order and previous orders pending with the Circuit Court of Appeals for the District of Columbia Circuit.

In August of 2004, some five months after losing the motion to alter or amend judgment, DOJ filed the motion for relief from judgment that is now before the court. At last, DOJ had located the 23 documents. Once located, DOJ was able, so it seems, to rediscover the reasons for its redactions. DOJ is now prepared to release to plaintiff most of these documents, 17 of them, in full without redactions. The remaining six documents, however, had been redacted to protect the privacy interest of third parties, confidential informants and investigation targets.

Near the time of the filing of its Rule 60(b) motion, DOJ moved the Court of Appeals to stay its proceedings until this court had an opportunity to rule on its 60(b) motion. Their motion was denied and briefs are now being filed in the Court of Appeals. DOJ asks this court to vacate that part of its order of December 1, 2003 requiring full release of those six documents, thereby extricating the department from an embarrassing morass and protecting third-party privacy interests.

II.     ANALYSIS

   A.     Rule 60(b) and Pending Appeals

Federal Rule of Civil Procedure 60(b) allows a district court to, in certain circumstances, relieve a party from an order or judgment. But a district court's hands are somewhat tied when, as in this case, the order or judgment from which a party seeks relief is also the subject of a pending appeal. As has been noted before, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." United States v. DeFries, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam)); LaRouche v. Dep't of Treasury, 112 F. Supp. 2d 48, 52 (D.D.C. 2000). In this situation, the district court may outright deny, but cannot outright grant, a Rule 60(b) motion. If the court is inclined to grant a Rule 60(b) motion while appellate review is ongoing, "the District Court may consider the 60(b) motion, and, if the District Court indicates that it will grant relief, the appellant may move the appellate court for a remand in order that relief may be granted." LaRouche, 112 F. Supp. 2d at 52 (citing Hoai v. Vo, 935 F.2d 308, 312 (D.C.Cir. 1991)); Office and Prof.l Employees Int'l Union, Local 2 v. NFL Players Ass'n, No. 89-1263, 1993 WL 468416 (D.D.C. Nov. 3, 1993) (giving party the permission to seek remand from the Court of Appeals); Jefferson v. Dep't of Justice, No. 03-5173, 2004 WL 722274 (D.C. Cir. Apr. 1, 2004) (remanding a case to the district court for consideration of a Rule 60(b) motion); see also Smith v. Pollin, 194 F.2d 349 (D.C. Cir. 1952). With these ground rules in mind, the court turns to DOJ's Rule 60(b) motion.

B.     DOJ's Rule 60(b) Motion

Rule 60(b) provides, in relevant part, that upon "motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for ... (6) any . . . reason justifying relief from the operation of the judgment."  Generally, relief under Rule 60(b)(6) is granted sparingly and in extraordinary circumstances.  Computer Profs. for Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 903 (D.C. Cir. 1996).  A district judge "is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion, and the district court's grant or denial of relief under Rule 60(b), unless rooted in an error of law, may be reversed only for abuse of discretion."  Twelve John Does v. District of Columbia, 841 F.2d 1133, 1138 (D.C. Cir.1988).

In most cases, rule 60(b) motions are not opportunities for a losing party to present known facts that it should have presented prior to judgment.  Computer Profs., 72 F.3d at 903. Moreover, an agency "generally waives any FOIA exemption it fails to raise at the initial proceedings before the district court."  August v. FBI, 328 F.3d 697, 698 (D.C. Cir. 2003). However, in certain FOIA cases where the judgment will impinge on rights of third parties that are expressly protected by FOIA, such as privacy or safety, district courts not only have the discretion, but sometimes the obligation to consider newly presented facts and to grant relief under Rule 60(b).  Id.; Schanen v. Dep't of Justice, 798 F.2d 348, 349 (9th Cir. 1986) (reversing denial of Rule 60(b) motion and preventing release of documents that, based on a review of in camera submissions, would endanger the lives of DEA agents and confidential informants); Billington v. Dep't of Justice, 301 F. Supp. 2d 15 (D.D.C. 2004); see also August, 328 F.3d at 699-702 (remanding case to district court under authority of 28 U.S.C. § 2106 because third party

safety and privacy interests at stake and "the law does not require that third parties pay for the Government's mistakes").

In <u>Computer Professionals</u>, the District of Columbia Circuit reversed a district court's denial of the Secret Service's Rule 59(e) motion, which had been late filed and was therefore treated as a 60(b) motion. The Secret Service had submitted a new in camera declaration and requested the district court to reconsider whether FOIA Exemptions 7(C) and 7(D) would, in light of the new submission, permit withholding of a confidential informant's identity. Exemptions 7(C) and 7(D) prevent disclosure of information compiled for law enforcement purposes that, for 7(C), "could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(7)(C), and for 7(D), could lead to the identification of a confidential source, <u>id.</u> § 552(b)(7)(D). In reversing the district court and choosing to rely on the newly submitted declaration, the circuit court noted the existence of a third-party interest and apparent good faith and speed of the Secret Service in filing its motion to reconsider. <u>Id.</u>

This case is very much like <u>Computer Professionals</u>. First, the main FOIA exemption claimed by DOJ is Exemption 7(C), which concerns the privacy interests of third parties. For each of the six documents that DOJ seeks to keep redacted, DOJ has described the kind of people whose names and identities have been redacted. (Hardy Decl. ¶ 19.) These people were largely investigative subjects in the Piper kidnaping investigation; others were people acquainted with the investigation, associated with confidential sources, or those simply mentioned in reports. <u>Id.</u> Therefore, the kinds of privacy interests that persuaded the <u>Computer Professionals</u> court to order the granting of a Rule 60(b) motion are present in this case.

Second, while the DOJ has not moved as quickly as the Secret Service moved in

Computer Professionals, the DOJ has apparently acted in good faith, if also with sluggish neglect,[1] and with the interests of the third-party individuals at heart. DOJ's mishandling of this FOIA case, though a serious problem, does not show a lack of good faith or preclude the grant of its Rule 60(b) motion. Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980) ("[R]econsideration under rule 60(b)(6) is proper even though the original failure to present that information was inexcusable.").

For all these reasons, the court will reconsider its rulings concerning the six contested documents and will address whether the DOJ's redactions, newly justified by its Rule 60(b) filings, are proper and whether the court should indicate to the Court of Appeals its willingness to grant DOJ's Rule 60(b) motion.

C.      Exemption 7(C)

Exemption 7(C) protects against unwarranted invasions of privacy. The exemption protects the identities of suspects and others of investigatory interest who are identified in agency records in connection with law enforcement investigations. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 780 (1989). Given a privacy interest, that interest must be balanced against

---

[1] DOJ has been no model FOIA litigator. To the contrary, DOJ has bungled this litigation. DOJ was admittedly understaffed and incapable of handling all of its FOIA obligations. (Hardy Decl. ¶ 7.) DOJ's FOIA problems were widespread enough that other of the department's FOIA practices from about the time of this case were the subject of appellate court rumblings. See August, 328 F.3d at 701-02. In this case, DOJ produced to plaintiff redacted copies of 23 documents and then, when plaintiff challenged the redactions, DOJ was unable to locate the documents so it could justify the redactions. One wonders how the redactions were first made. DOJ's incompetence forced plaintiffs to litigate not only the December, 2003 motion to alter or amend judgment but the present Rule 60(b) motion. A case that should have been concluded in December 2003 is still pending in June of 2005.

the public interest, if any, that would be served by disclosure, Albuquerque Publ'g Co. v Dep't of Justice, 726 F. Supp. 851, 855 (D.D.C. 1989); however, as with other FOIA exemptions that require balancing, the public interest is only that interest central to FOIA: shedding light on an agency's performance of its statutory duties. Reporters Comm., 489 U.S. at 773.

Law enforcement officers who work on criminal investigations, and individuals who provide information to the law enforcement authorities, have a privacy interest and their identities have traditionally been protected from disclosure by Exemption 7(C). Davis v. Dep't of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992); Computer Prof'ls for Social Responsibility v. Secret Service, 72 F.3d 897, 904 (D.C. Cir. 1996). Further, private citizens who may be mentioned in investigatory files, suspects, witnesses, and informants enjoy a privacy interest. Davis, 968 F.2d at 1281; SafeCard Servs. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir.1991); King v. Dep't of Justice, 830 F.2d 210, 233 (D.C. Cir. 1987). On the other hand, there is generally no public interest in the disclosure of such information, because this information sheds no light on an agency's performance of its duties. Davis, 968 F.2d at 1281 (citing Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C. Cir. 1990); NARFE v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989)); SafeCard, 926 F.2d at 1205 (noting that because disclosure of "the identity of targets of law-enforcement investigation can subject those identified to embarrassment and potentially more serious reputational harm . . . , public interest in disclosure is not just less substantial, it is insubstantial"). In fact, it is the law of this Circuit that

> categorically . . . , unless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure.

SafeCard, 926 F.2d at 1206.

As mentioned earlier, the six contested documents in this case mention and give identifying information about investigative subjects in the Piper kidnaping investigation; others acquainted with the investigation, associates of some confidential sources, and other private citizens. (Hardy Decl. ¶¶ 18-19.) These are precisely the kinds of individuals with privacy interests that are entitled to protection by Exemption 7(C).

Plaintiff argues that there is a public interest in simply knowing that the DOJ handles its investigations properly. But this interest is served whether or not the names and identifying information of third parties are redacted. For example, the public does not need to know the names of people the FBI should not have investigated or investigated less to know that the FBI wasted its time or unwisely spent resources. See SafeCard, 926 F.2d at 1205 ("[T]he type of information sought is simply not very probative of an agency's behavior or performance) (citing Reporters Comm., 489 U.S. at 773-74 and noting how in Dep't of the Air Force v. Rose, 425 U.S. 352 (1976), the redaction of names from disciplinary hearing summaries "were unquestionably appropriate because the names of the particular cadets were irrelevant to the inquiry into the way the Air Force Academy administered its Honor Code"). Plaintiff nonetheless asserts that there is greater public interest here because of some vague allegations of government negligence in handling the case. Plaintiff has submitted no evidence supporting this contention nor has he even identified who has made these allegations. Plaintiff has not even come close to showing "compelling evidence" of "illegal activity" that could only be explored by having disclosure of third party names. Id. at 1206. Plaintiff has failed to show a public interest superior to the privacy interests of the third parties named in the six contested documents and release of the redacted information is wholly inappropriate. DOJ's Exemption 7(C) withholdings

are proper.

    D.    <u>Exemption 2</u>

Pursuant to Exemption 2, an agency is permitted to withhold documents "related solely to the internal personnel rules and practices of the agency."  5 U.S.C. 552(b)(2).  Exemption 2 applies both to trivial internal matters, referred to as "low 2" information, and substantial internal matters, the disclosure of which would facilitate circumvention of the law, referred to as "high 2" information.  See <u>Crooker v. ATF</u>, 670 F.2d 1051, 1074 (D.C. Cir. 1981); <u>Judicial Watch v. Dep't of Commerce</u>, 337 F. Supp. 2d 146, 166 (D.D.C. 2004).

DOJ seeks to keep redacted a confidential informant's source number in document 328. An "informant source number" or "permanent source symbol number" is a number that uniquely identifies a confidential informant to the FBI.  They "protect the confidentiality of an informant's identity, a precaution necessary in order for the agency to maintain the ability to attract informers, and to facilitate the routing of investigative documents to the proper files."  <u>Durham v. Dep't of Justice</u>, 829 F. Supp. 428, 431 n.4 (D.D.C. 1993).

"It is established law that the symbol numbers of informants fall within Exemption 2." Id. at 431 (citing <u>Lesar v. Dep't of Justice</u>, 636 F.2d 472, 485-86 (D.C. Cir. 1980) (informant codes "plainly fall within the ambit of Exemption 2"); <u>Watson v. Dep't of Justice</u>, 799 F. Supp. 193, 195 (D.D.C. 1992) (DEA protection of Informant Identifier codes properly withheld as internal markings)).  Therefore, DOJ's redaction of the informant source number pursuant to Exemption 2 was proper.

E.     Exemption 7(D)

Exemption 7(D) allows withholding of information collected for law enforcement purposes that "could reasonably be expected to disclose the identity of a confidential source . . . and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation . . . , information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D); Piper, 294 F. Supp. 2d at 27-28. "This Exemption affords the most comprehensive protection of all FOIA law enforcement exemptions." Piper, 294 F. Supp. 2d at 28 (citing Irons v. FBI, 880 F.2d 1446, 1452 (1st Cir.1989)). Under Exemption 7(D), an agency must show that a source provided information to the government under either (1) an express assurances of confidentiality or (2) under circumstances that support an implied assurance of confidentiality. Dep't of Justice v. Landano, 508 U.S. 165, 179-81 (1993).

DOJ seeks to keep redacted some information related to a confidential symbol source in document 328. It seems likely that this information, the names of individuals who associated with the source, the source's address, the names of frequent visitors to that address, would be protected by the court's rulings on Exemption 7(C) and 2; nevertheless, in abundance of caution, the court will also consider DOJ's request for withholding under Exemption 7(D).

The withheld information, it is affirmed, could reveal the identity of the source, who had been given a symbol number and express assurances of confidentiality. ((Hardy Decl. ¶ 26.); see also Piper, 294 F. Supp. 2d at 29-30. Plaintiff largely counter's DOJ's Exemption 7(D) request by arguing that the mere revelation of the source's address would not likely reveal the source's identity. That can only be wishful thinking. The redactions in document 328 pursuant to Exemption 7(D), like the redactions related to Exemptions 7(C) and 2 throughout the six

11

contested documents, serve to protect the legitimate privacy interests of third parties and are proper.

III.     CONCLUSION

The court, paralleling the reluctance professed by DOJ in bringing the present motion, is reluctant to revisit issues after judgment that should have been zealously litigated before judgment. The government can only handle FOIA litigation so carelessly so long without its pleas for after-judgment relief sounding like Peter crying wolf. Still, the importance of protecting third parties' interests makes judicial intervention proper in this case. While the court cannot grant DOJ's Rule 60(b) motion while plaintiff's appeal is pending, the court would grant the motion if it had the authority should the Court of Appeals remand the case for such proceedings in accordance with a request from DOJ.

For all the foregoing reasons, it is hereby

ORDERED that defendants' motion [120] for relief from judgment is DENIED..

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, June 13, 2005.