UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY C. PIPER, III ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 98-1161 (RCL) |
| ) | |
| UNITED STATES ) | |
| DEPARTMENT OF JUSTICE, *et al.*, ) | |
| ) | |
|     Defendants. ) | |
| ) | |

### MEMORANDUM & ORDER

This matter comes before the Court on remand from the U.S. Court of Appeals for the District of Columbia. Upon consideration of plaintiff's motion, the opposition thereto, the applicable law, and the entire record in this case, the Court will grant defendants' Rule 60(b) motion.

**I.     Background**

This dispute grows out of a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*, request initiated by plaintiff on December 22, 1997 concerning the FBI investigation of the 1972 kidnapping of his mother, Virginia Lewis Piper. Ultimately, the parties reached an agreement culminating in plaintiff sampling 357 pages from the approximated 80,000 released. The sample documents contained many redactions and withholdings pursuant to FOIA exemptions.

Having completed its search for documents in response to plaintiff's request, the Government moved for summary judgment on May 16, 2003, and plaintiff responded with a cross-motion for summary judgment on June 16, 2003.

In Piper v. Dep't of Justice, 294 F. Supp. 2d 16 (D.D.C. 2003) (Lamberth, J.), this Court granted the Government's motion for summary judgment regarding the adequacy of the FBI's search and its application of FOIA Exemptions 7(D), (E), and (C), except for documents 206 and 309. The Court also noted some 23 documents that the Department of Justice ("DOJ") redacted without any justification and ordered that these documents be released in full. DOJ had released to plaintiff redacted versions of these 23 documents but had neglected to label these documents with file or serial numbers. Finding the Government failed to justify the withholding of these documents under the asserted exemptions, the Court ordered them released to plaintiff.

Displeased with the Court's demand for full release of the 23 documents, DOJ filed a motion requesting the court to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) on December 15, 2003. On March 26, 2004, this Court denied DOJ's motion to alter or amend judgment. See Piper v. Dep't of Justice, 312 F. Supp. 2d 17 (D.D.C. 2004) (Lamberth, J.).

On August 18, 2004, DOJ filed a Rule 60(b) motion for relief from judgment because it was finally able to locate the 23 documents and file its reasons for redactions. DOJ also moved the Court of Appeals to stay its proceedings until this court had an opportunity to rule on its 60(b) motion. Their appeal was denied.

On June 13, 2005, this Court stated that "although the court cannot grant DOJ's Rule 60(b) motion while plaintiff's appeal is pending, the court would grant the motion if it had the authority should the Court of Appeals remand the case for such proceedings in accordance with a request from DOJ." See Piper v. Dep't. of Justice, 374 F. Supp. 2d 73, 81 (D.D.C. 2005) (Lamberth, J.).

On August 25, 2005, the U.S. Court of Appeals for the District of Columbia remanded this case "to allow the district court to grant the government's Fed. R. Civ. P. 60(b) motion, as the district court has indicated its willingness to do." See Order, Piper v. Dep't of Justice, et al., No. 04-5198 (D.C. Cir. 2005). On September 16, 2005, plaintiff filed a supplemental opposition memorandum and seven days later defendants filed their response. Plaintiff also submitted a notice of filing of a recently published news article on December 12, 2005 and defendants filed their response on December 16, 2005.

## II.  Discussion

Despite this Court's decision in Piper v. Dep't. of Justice, 374 F. Supp. 2d 73, plaintiff argues that the Court did not apply the current legal test for FOIA exemptions 6 and 7(C) under Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157 (2004). Defendants argue that this Court's disposition of defendants' 60(b) motion comports with the FOIA and the Supreme Court's decision in Favish. The Court agrees with defendants.

### A.  Favish Decision

In Favish, the Supreme Court stated, "[w]here the privacy concerns addressed in Exemption 7(C) are present," the general "rule that [a party] need not offer a reason for requesting the information must be inapplicable." 541 U.S. at 172. Instead, "the exemption requires the person requesting the information to establish a sufficient reason for the disclosure." Id. The requestor must demonstrate that (1) the "public interest sought to be advanced is a significant one" and (2) the information requested "is likely to advance that interest." Id. "Otherwise, the invasion of privacy is unwarranted." Id.

Plaintiff contends that Favish necessitates that this Court modify its decision on

defendants' Rule 60(b) motion. Specifically, plaintiff argues the public interest concerns, in "know[ing] how well and appropriately the FBI investigated his mother's kidnaping, and whether wise decisions were made," outweigh the third party privacy interests that the FOIA exemptions protect. (Pl.'s Supp. Mem. 9.) The Court does not agree.

This Court's determination of defendants' Rule 60(b) motion is consistent with Favish. As stated in its earlier memorandum opinion on defendants' Rule 60(b) motion, the public interest in knowing how the Department of Justice ("DOJ") handles its investigations "is served whether or not the names and identifying information of third parties are redacted. For example, the public does not need to know the names of people the FBI should not have investigated or investigated less to know that the FBI wasted its time or unwisely spent resources." See Piper v. Dep't. of Justice, 374 F. Supp. 2d 73, 80 (D.D.C. 2005).

Accordingly, consistent with Favish, this Court has already considered plaintiff's "public interest" argument related to his interest in knowing how FBI handled its investigation, and concluded that disclosure of the privacy-protected information is not "likely to advance that interest." See McCutchen v. U.S. Dep't of Health & Human Servs., 30 F.3d 183, 188 (D.C. Cir. 1994) ("A mere desire to review how an agency is doing its job, coupled with allegations that it is not, does not create a public interest sufficient to override the privacy interest protected by Exemption 7(C)."). Therefore, plaintiff has not presented a "significant public interest" to compel disclosure of the privacy information withheld pursuant to Exemption 7(C).

    **B.**    **Third Parties' Interest and Participation**

This Court also dealt with plaintiff's allegation that the public interest in disclosure outweighs third party privacy interests because of the government's alleged negligence in

handling the case. Piper, 374 F. Supp. 2d at 81. Specifically, the Court stated that "[p]laintiff has submitted no evidence supporting this contention nor has he even identified who has made these allegations." Id. Consequently, this Court has already considered and rejected plaintiff's arguments urging disclosure, despite the third party privacy interests. Contrary to plaintiff's argument, the Favish decision does not suggest that this Court needs to disturb its decision favoring protection of third party privacy interests over compromising such interests.

   C.   **Death of Third Parties**

Lastly, plaintiff argues that an individuals' privacy interests may have become attenuated by their deaths and that the FBI had an obligation to determine mortality status before balancing privacy interests against any public interest in disclosure. (Pl.'s Supp. Mem. 9-11.) Plaintiff's argument has no merit because plaintiff has presented no public interest indicating that third party privacy interests should be compromised, whatever the status of the individual. Favish, 541 U.S. at 172.

In addition, the Court of Appeals in Schrecker v. U.S. Dept. of Justice, 349 F.3d 657 (D.C. Cir. 2003), discussed the procedures used by the FBI in making determinations on the mortality status of third parties who are the subject of a FOIA request, and held that the "100-year rule" used by the Agency is reasonable. Id. at 665. The "'100-year rule'. . . presumes that an individual is dead if his or her birth date appears in [a] responsive record and is more than 100 years old." Id. at 660. The FOIA requests at issue in this case are considerably more recent than the documents at issue in Schrecker and there is no reason to think anyone named therein is deceased under the 100 year standard. In any event, even if any of the individuals were deceased, their privacy interests would only be lessened, not extinguished, and would still outweigh the

alleged "public interest" in disclosure present in this case. Accuracy in Media, Inc. v. Nat'l Park Serv., 194 F.3d 120, 123 (D.C. Cir. 1999) (holding that the court "squarely rejected the proposition that FOIA's protection of personal privacy ends upon the death of the individual depicted").

**III.    Conclusion**

For the foregoing reasons, it is hereby

ORDERED that Defendants' Unopposed Motion [137] for Leave to File Response to Plaintiff's Notice of Filing, is GRANTED, *nunc pro tunc*. It is further

ORDERED that defendants' Motion [120] for Relief From Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is GRANTED. DOJ has already released 17 of the 23 documents in full without redactions (129, 130, 131, 132, 172, 312, 321, 322, 323, 324, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 337, 339 and 340). The remaining six documents (321, 322, 323, 324, 326, and 328) do not have to be released to plaintiff. It is further

ORDERED that this Court's Order [105] of December 1, 2003 is hereby amended accordingly.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, April 12, 2006.